UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **DOUG JANDA,** § | |
| § | |
| Plaintiff, § | |
| VS. § | |
| § | CIVIL ACTION NO. H-05-3951 |
| **VIDEO MONTHLY L.P.** § | |
| and § | |
| **HARRY REED & CO., INC.,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court in this action under the Employee Retirement Income Security Act (ERISA) is Defendants' motion to strike portions of the Complaint, to strike Plaintiff's jury demand, and to dismiss. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 8, should be and hereby is **GRANTED IN PART** and **DENIED IN PART**.

The parties agree that Plaintiff's demands for a jury trial and for extra-contractual compensatory, punitive, and exemplary damages should be, and they hereby are, **STRICKEN**. Plaintiff's motion to amend the Complaint to reflect these changes is hereby **GRANTED**. Defendants' motion to dismiss these portions of the Complaint is **DENIED AS MOOT**.

The parties disagree as to the propriety of Plaintiff's demands for reinstatement, back pay, and front pay. Plaintiff contends that these are forms of equitable relief authorized by ERISA. *See* 29 U.S.C. § 1132(a)(3) (emphasis added):

> A civil action may be brought — . . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the

1

> plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

*See also Medina v. Anthem Life Ins. Co.*, 983 F.2d 29, 32-33 (5th Cir. 1993) (holding that the remedies available in ERISA suits are limited to those specifically authorized by the language of the statute). Defendant argues that Plaintiff's demands are indistinguishable from requests for legal remedies, which are not available under ERISA.

Section 1132(a)(3) authorizes only those types of relief that were typically available in equity. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209-10 (2002). As the *Great-West* Court emphasized, "[a] claim for money due and owing under a contract is 'quintessentially an action at law.'" *Id.* at 210 (quoting *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (Posner, J.)).

> Almost invariably . . ., suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for "money damages," as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.

*Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988). *See also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993) (holding that typical equitable remedies include "injunction, mandamus, and restitution, but not compensatory damages").

The plaintiff in *Great-West* sought reimbursement for health plan expenditures, pursuant to a plan provision granting the plan the right to recover insurance payments to the plan beneficiary. The Court rejected the plaintiff's argument that its claim was equitable:

> [A]n injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity. . . . Those rare cases in which a court of equity would decree specific performance of a contract to transfer funds

> were suits that, unlike the present case, sought to prevent future losses that either were incalculable or would be greater than the sum awarded. For example, specific performance might be available to enforce an agreement to lend money "when the unavailability of alternative financing would leave the plaintiff with injuries that are difficult to value; or to enforce an obligor's duty to make future monthly payments, after the obligor had consistently refused to make past payments concededly due, and thus threatened the obligee with the burden of bringing multiple damages actions." . . . Typically, however, specific performance of a contract to pay money was not available in equity.

*Great-West*, 534 U.S. at 210-11 (quoting *Bowen*, 487 U.S. at 918).

Most federal courts to address the specific question at issue in the instant case have, however, held that back pay may be an equitable remedy, at least where a plaintiff also demands reinstatement (which is universally regarded as an equitable remedy). *See, e.g., Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 384-85 (4th Cir. 2001); *Farr v. U.S. West Commc'ns, Inc.*, 179 F.3d 1252, 1252 (9th Cir. 1999); *Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 336 (2d Cir. 1997); *Schwartz v. Gregori*, 45 F.3d 1017, 1022-23 (6th Cir. 1995); *Reich v. Continental Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994); *De Pace v. Matsushita Elec. Corp.*, 257 F. Supp. 2d 543, 564 (E.D.N.Y. 2003); *Blair v. Young Phillips Corp.*, 235 F. Supp. 2d 465, 472 n.3 (M.D.N.C. 2002); *Kishter v. Principal Life Ins. Co.*, 186 F. Supp. 2d 438, 445 (S.D.N.Y. 2002); *Anglin v. Sears, Roebuck, & Co.*, 139 F. Supp. 2d 914, 919 (N.D. Ill. 2001); *Zimmerman v. Sloss Equip., Inc.*, 835 F. Supp. 1283, 1289 (D. Kan. 1993); *Farr v. U.S. West, Inc.*, 815 F. Supp. 1364, 1371 (D. Or. 1992); *Folz v. Marriott Corp.*, 594 F. Supp. 1007, 1016 (W.D. Mo. 1984); *Bittner v. Sadoff & Rudoy Indus.*, 490 F. Supp. 534, 536 (E.D. Wis. 1980).

Defendants rely upon a recent decision by the 10th Circuit Court of Appeals, which held that a claim for back pay was legal, not equitable, in nature. *See Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1252 (10th Cir. 2004) ("The backpay [sic]

Plaintiffs seek is a creature of positive law; that is, the remedy of backpay did not exist at common law. . . . Backpay claims, however, 'do not differ remedially from the personal injury claim for lost wages, or the contract claim for past wages due.'") (quoting 2 DAN B. DOBBS, LAW OF REMEDIES § 6.10(5) (1993)).  Even the *Millsap* opinion, however, has since been construed to permit back pay claims that are "incidental to or intertwined with" claims for reinstatement.  *See Michaelis v. Deluxe Fin. Servs., Inc.*, No. Civ. A. 05-2351-KHV, 2006 WL 27210, *3 (D. Kan. Jan. 5, 2006).

Here, as in *Michaelis*, the Court "cannot determine as a matter of law that [P]laintiff's claim for back pay . . . is not 'incidental' to [his] claim for reinstatement." *Id.*  Moreover, the Court sees no reason – and Defendants have provided none – for treating front pay differently from back pay for classification purposes.  Defendants' motion is, therefore, **DENIED** as to Plaintiff's claims for back pay, front pay, and reinstatement.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**